UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>YAN EBYAM,<br><br>    Defendant/Movant. | No. 2:11-cr-0275 JAM DB-1<br>No. 2:11-cr-0276 JAM DB-1<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding with motions to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2017 sentence on convictions for conspiracy to manufacture at least 1,000 marijuana plants. He raises three claims: (1) counsel was ineffective for failing to withdraw from the plea agreement; (2) counsel was ineffective for failing to advise movant that he had the right to withdraw from the plea agreement prior to its acceptance by the court; and (3) the government breached the plea agreement. For the reasons set forth below, this court recommends the motions be denied.

## BACKGROUND

On June 30, 2011, a Sacramento grand jury returned two indictments against movant alleging he conspired to (Count One) and did (Count Two) manufacture at least 1,000 marijuana plants at two distinct locations (the "Jopson Ranch grow site" and the "Cal-Nevada Florist grow

////

site") from late 2010 through mid-2011. Case No. 2:11-cr-0275 JAM DB (ECF No. 35); Case No. 2:11-cr-0276 JAM DB (ECF No. 10).

On July 1, 2014, movant pleaded guilty to the conspiracy counts in each indictment. (Ex. A to Resp. (ECF No. 418-1 at 6).[1]) Movant swore under oath that he knowingly conspired to cultivate marijuana for profit at the Jopson Ranch grow site and the Cal-Nevada Florist grow site. He accepted the factual basis for his guilty plea as true and correct. (See ECF No. 418-1 at 13; ECF No. 423-1 at 14-16 (filed under seal[2]).) During his guilty pleas, the district court conducted a thorough plea colloquy pursuant to Rule 11. (ECF No. 418-1.) In particular, in outlining the plea agreement, the government's attorney recited that movant would waive his right to appeal and collaterally attack his sentence. (Id. at 7.) The court also specifically informed movant that by going along with the plea agreement, he was giving up his right to collaterally attack or appeal all or part of the plea and sentence. (Id. at 11.) This provision was included in the plea agreement in a section entitled "Waiver of Appeal and Collateral Attack." (ECF No. 423-1 at 11.) Movant agreed that he understood each of these waivers.

Movant also told the court he understood that if the court accepted the plea agreement, then he would be sentenced within the 72-96 month range set out in that agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) (parties may enter into plea agreement with a sentencing range that court is bound by if it accepts the agreement). The court noted that the charge carried a statutory mandatory minimum sentence of ten years. The government stated that it based the agreed-to range of 72-96 months on a 5K motion.[3] (ECF No. 418-1 at 7.)

On January 24, 2017, the district court held a sentencing hearing. (ECF No. 389.) Prior to the hearing, the government filed a sentencing memorandum, which included a 5K motion, in

---

[1] Because the plea agreement involved both cases, and for ease of reference, this court cites only to the electronic filing numbers for case no. 11-cr-0275 JAM DB.

[2] This court has attempted to respect the sealing of the plea agreement by describing or quoting herein only those portions of the plea agreement that appear in other public filings.

[3] A motion under § 5K1.1 of the Sentencing Guidelines permits the government to seek a departure from the Guidelines for a defendant's substantial assistance in the investigation or prosecution of another person.

2

which it requested that movant be sentenced to 96 months. (ECF No. 387.) During the sentencing hearing, defendant's counsel requested the lower end of the agreed-to sentencing range. He based that request, in part, on keeping movant's sentence "in line with the many co-defendants who have already been sentenced." (ECF No. 401 at 6, 10.) The judge noted, however, that movant's "criminal-history category" "distinguish[ed]" movant from the "other co-conspirators." (Id. at 12.) The judge further noted that movant was an "integral part of this marijuana growing operation." (Id.) The judge accepted the plea agreement and sentenced movant to 72 months. (Id. at 16.)

## MOTION TO VACATE

Movant makes three claims. In the first, he contends his attorney failed to withdraw from the plea agreement as movant had instructed. (ECF No. 408 at 4.) In his second claim, movant alleges his attorney failed to inform movant that he had a right to withdraw from the plea agreement any time prior to the court's acceptance of the agreement. (Id. at 5.) Third, movant argues that the government has failed to honor the portion of the plea agreement which allows for a further sentence reduction for movant's substantial cooperation in other cases. (Id. at 7; see also ECF No. 413 (memorandum in support of § 2255 motion).)

The government alleges movant waived the right to bring a § 2255 action and, in any event, he cannot succeed on the merits of his claims. (ECF No. 418.) Movant filed a reply. (ECF No. 425.)

**I.　Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

## II. Waiver of § 2255 Claims

This court first addresses the government's argument that the § 2255 motion should be dismissed because movant's claims are encompassed by his waivers of appeal and collateral attack in the plea agreement. Although that argument is colorable and well-supported by the record, two of movant's claims allege ineffective assistance of counsel in the plea agreement process. The Ninth Circuit Court of Appeals has held that a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement. See United States v. Brizan, 709 F.3d 864, 867 (9th Cir. 2013) ("a plea agreement that waives the right to file a collateral attack is unenforceable with respect to an ineffective assistance claim that challenges the voluntariness of the waiver" (citing Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005)); see also Givens v. Sisto, No. C 08-05231 JW (PR), 2010 WL 1875766 (N.D. Cal. May 7, 2010) ("[T]he only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.") This court finds that defendant's waiver is most likely inapplicable to the ineffective assistance of counsel claims raised here. However, the court need not make a final determination on that issue because, as set out below, those ineffective assistance of counsel claims should fail.

With respect to movant's claim that the government has not complied with the plea agreement, the government presents no basis for an argument that this claim was waived. Just like any other party entering a contract, a criminal defendant should have the right to challenge the government's compliance with that contract. See United States v. Malone, 503 F. App'x 499, 500 (9th Cir. 2012) (claims involving breach of a plea agreement are a "recognized ground for

excusing waiver") (citing United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996)); cf. United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000) (plea agreements are contractual in nature). Further, movant waived only the right to challenge his "guilty plea, conviction, or sentence" on appeal or collateral review. (See ECF No. 423-1 at 11.) He did not waive the right to challenge the government's compliance with the plea agreement. Therefore, this court may consider that claim.

### III. Ineffective Assistance of Counsel Claims

#### A. Legal Standards

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

##### 1. Deficient Performance

Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 195 (2011) (internal quotation marks and alterations omitted).

////

### 2. Prejudice

The second part of the Strickland test requires a movant to show that counsel's conduct prejudiced him or her. Strickland, 466 U.S. at 691-92. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome.'" Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 693). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693). "The likelihood of a different result must be substantial, not just conceivable." Id.

When determining whether a movant has been prejudiced, the court considers the cumulative effect of counsel's errors. See Harris v. Wood, 64 F.3d 1432, 1438–39 (9th Cir. 1995) (finding cumulative prejudice from counsel's performance that was "deficient in eleven ways, eight of them undisputed" which "obviates the need to analyze the individual prejudicial effect of each deficiency," but noting that "some of the deficiencies [may be] individually prejudicial"); see also Montana v. Egelhoff, 518 U.S. 37, 53 (1996) (The combined effect of multiple errors at trial violates due process where it renders the trial fundamentally unfair. (Citing Chambers v. Mississippi, 410 U.S. 284 (1973).); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978). The Ninth Circuit has described the standard for evaluating cumulative error on habeas as "determining whether the combined effect of multiple errors rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect of influence' on the jury's verdict." Parle v. Runnels, 505 F.3d 922, 928 (9th Cir. 2007).

### B. Counsel's Failure to Withdraw from Plea Agreement

#### 1. Background Facts

The court accepted movant's plea on July 1, 2014. However, the court deferred acceptance of the plea agreement until sentencing. According to movant's declaration, during that time between July 1, 2014 and the January 2017 sentencing, the government renegotiated the

plea agreements for movant's co-defendants. (Ebyam Decl. (ECF No. 413-1) ¶ 3.) When movant's attorney, Michael Long, inquired about a renegotiation of movant's plea agreement, the government declined to renegotiate it. (Id. ¶ 4.) However, also at that time, the government offered to release movant from his plea agreement. (Id. ¶ 5.)

Long advised movant against withdrawing his plea. (Ebyam Decl. (ECF No. 413-1) ¶ 5.) However, movant told Long he wished to do so. (Id.) Long never withdrew movant from the plea agreement.

### 2. Analysis

Whether or not Long acted reasonably, movant fails to show he was prejudiced by Long's failure to withdraw from the plea agreement. First, it is important to note that movant is not stating that he wished to withdraw his guilty plea. Rather, movant is only contending that he wished to withdraw from the plea agreement in order to argue to the court that, based on the sentences of his co-defendants, he was entitled to a sentence lower than 72 months. Movant contends a more lenient sentence was reasonably probable.

The government argues that its 5K motion established a revised mandatory minimum of 72 months, the sentence movant ultimately received. The court finds this argument strange since the government also argues that if movant had withdrawn from the plea agreement, the government would not necessarily have moved under 5K for a sentence reduction. In order to determine prejudice, this court assumes Long withdrew movant from the plea agreement. Therefore, it is not clear how, absent the plea agreement and 5K motion, the government can argue 72 months is somehow a new mandatory minimum that this court must consider in its prejudice analysis.

In any event, and more importantly, movant does nothing to show why it is reasonably probable the district court would have sentenced him to less than 72 months. First, whether or not the government was "required to make a 5K motion" as movant suggests, there is no showing that it would likely have recommended the ten-year mandatory minimum sentence be reduced lower than 72 months. Second, if the government did not make a 5K motion, then, according to 18 U.S.C. § 3553(e), it appears that the district court was permitted to consider only defendant's

7

assistance in calculating a revised mandatory minimum: "when a defendant has provided substantial assistance to the government, the district court may calculate a revised mandatory minimum under 18 U.S.C. § 3553(e), considering only factors related to the defendant's assistance." United States v. Lee, 725 F.3d 1159, 1168 (9th Cir. 2013) (citing United States v. Wipf, 620 F.3d 1168, 1171 (9th Cir. 2010); other citations and footnote omitted). Movant does not attempt to show how the district court could have, or why the district court would have, considered his co-defendant's sentences or any other factors besides his assistance in arriving at a sentence.

The third reason it is not reasonably probable that movant would have received a sentence less than 72 months is that the district court made clear at movant's sentencing that movant was not on equal footing with his co-defendants. The court noted that movant could be distinguished from the other defendants based on his criminal record. In addition, movant was distinguishable because he had the highest leadership factor of the defendants. (See ECF No. 401 at 10-11.) In the Presentence Investigation Report, four sentencing levels were added because movant "was an organizer and leader of two marijuana grows that involved five or more participants or was otherwise extensive." (ECF No. 323 at 12.)

Besides the generalized argument that, essentially, it was unfair the other defendants received lower sentences, movant does nothing to meet the prejudice standard of Strickland by showing a reasonable probability that if Long had withdrawn him from the plea agreement, he would have received a lesser sentence. Accordingly, his first claim should be denied.

**C. Counsel's Failure to Advise Movant he had the Right to Withdraw**

Movant's second contention of ineffective assistance of counsel is that Long never advised him that he had the right to unilaterally withdraw from the plea agreement until the court accepted it. If he had, movant argues, movant would have withdrawn and requested, and likely received, a lower sentence. For the same reasons set out in the prior section, movant fails to show a lower sentence was reasonably probable. Accordingly, his second ineffective assistance of counsel claim should also be denied for failure to establish prejudice.

////

### IV. Violation of Plea Agreement

In his final claim, movant argues that the government has not met its obligation in the plea agreement to consider movant's cooperation in other criminal cases and recommend a sentence reduction. According to movant, in January 2018 his attorney contacted the government's attorney about the possibility of movant's further cooperation with the government. In response, the government attorney stated that "the U.S. Attorney's Office is not interested in pursuing any Rule 35[4] options with Mr. Ebyam." (See ECF No. 408 at 7.) Movant contends the government's refusal to consider any cooperation by plaintiff violates the plea agreement.

The plea agreement provision at issue states: "The defendant is not precluded from receiving a further reduction in his sentence for substantial cooperation in other criminal cases in which he was not a participant and are not the subject of this Indictment." (ECF No. 423-1 at 10.) Movant argues that he reasonably understood this provision to mean the government would consider any future cooperation movant offered. By categorically refusing to consider any cooperation, movant contends the government breaches the plea agreement.

The government points out that the language of the plea agreement does not impose any affirmative duty on the government to consider further cooperation by movant. This court agrees. The language of the plea agreement is unambiguous, it simply states it does not prohibit a future sentence reduction based on defendant's "substantial cooperation." Nothing about the language of that sentence requires the government to consider movant's offers of cooperation. Because the language of the agreement supports the government's interpretation, this court need not consider the matter further and movant's third claim should be denied. See Clark, 218 F.3d at 1095 ("If the terms of the plea agreement on their face have a clear and unambiguous meaning, then this court will not look to extrinsic evidence to determine their meaning.")

### CONCLUSION

Movant fails to demonstrate prejudice for his ineffective assistance of counsel claims and fails to show the government has breached any duty it bears under the plea agreement. Because

---

[4] Federal Rule of Criminal Procedure 35(b) provides that the government may move for a reduction in a prisoner's sentence based on "substantial assistance."

9

this court finds movant's claims do not have merit and because movant makes no showing that further evidentiary support might change the court's findings above, movant's request for an evidentiary hearing should be denied. See 42 U.S.C. § 2255(b) (where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," an evidentiary hearing is unnecessary); see also Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's request for an evidentiary hearing be denied;
2. The motions to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Case No. 2:11-cv-0275 JAM DB (ECF No. 408) and Case No. 2:11-cv-0276 JAM DB (ECF No. 164)) be denied; and
3. The Clerk of the Court be directed to close the companion civil case Nos. 2:18-cv-0306 JAM DB and 2:18-cv-0307 JAM DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DLB1/prisoner-habeas/ebya0275.2255 fr